**Mason v. Mauro**

*Homer W. King*, for plaintiff.
*John J. Ross*, for defendant.

KLEIN, J., January 15, 1975.—We have before us defendant's petition to strike judgment or, in the alternative, to open judgment entered by confession in accordance with Pennsylvania Rule of Civil Procedure 2959.

The petition to strike must be refused. There are no defects apparent on the face of the record.

"Where the irregularity depends on matters dehors the record, it should be raised on a petition to open the judgment": 20 P. L. E., Judgment, 192, §46.

From the petition and answer filed it appears uncontradicted that the herein $9,000 note was given as part of $10,000 in hand money in connection with an agreement of sale of real estate. The remaining $1,000 was paid in cash.

Said written agreement is attached to the petition and provides inter alia:

"If extension of closing is desired, notify seller ten (10) days before closing date."

Said provision is typed into a printed form.

Petitioner alleges that a written request for extension was dispatched to respondent. The answer does

not deny the request for extension but avers that the seller was not obligated to grant an extension. Subsequently, the seller declared a breach and notified buyer that the agreement was terminated and that the hand money was being retained as liquidated damages in accordance with terms contained in the printed form.

We have concluded that the typed-in terms regarding an extension must be given meaning and effect. If the buyer did not have a right to an extension, then the words would be meaningless or mere surplusage. Although no period of time is mentioned for an extension, absent other evidence, it would be deemed to be a reasonable period of time not exceeding the original period of 90 days. The seller declared a breach and termination of the contract within several days following the designated closing date. The agreement *did not* provide that time was of the essence.

In addition, during the course of oral argument on the herein petition and answer, both parties indicated to the court that defendant herein (the buyer) had instituted an action in the office of a district justice of the peace seeking a refund of the $1,000 in hand money paid in cash. It was stated that a hearing had been held and that the magistrate's decision was then pending.

The records of this court, at no. 1670 of 1974, now reveal that the magistrate entered judgment in favor of plaintiff (buyer) and that defendant (seller) has taken an appeal.

The rights and obligations with respect to the $1,000 and the herein note for $9,000 are identical. It would be incongruous, to say the least, to permit two different results.

"A proceeding to open a judgment is governed by equitable principles and is addressed to the sound

discretion of the court": Deviney v. Lynch, 372 Pa. 570 (1953).

Accordingly, we enter the following

## ORDER

And now, January 15, 1975, it is ordered, adjudged and decreed that defendant's petition to strike the judgment be, and it is hereby, refused, and that defendant's petition to open judgment be, and it is hereby, granted. The rule to show cause is hereby made absolute and the judgment entered by confession against defendant is hereby opened to let defendant submit his defense at trial.

It is further ordered that the case at no. 1670 of 1974 be consolidated for trial with the instant action.

## SUPPLEMENTAL OPINION

KLEIN, J., January 16, 1975.—We file this supplemental opinion for purposes of clarification of our opinion and order dated January 15, 1975.

It is fundamental, of course, that with respect to the terms of the agreement, the intention of the parties is controlling. We did not mean to suggest that defendant-buyer had a right to an extension as a matter of law but that it would be a jury question. The jury should decide that issue based upon the written agreement coupled with other admissible testimony, if any, concerning the matter.

In this case, it appears that there is also a potential defense, notwithstanding an extension. That is the question of whether the declaration of a breach, termination of the contract and retaining of the hand money as liquidated damages was valid or premature. The agreement did not specify that time was of the essence and, therefore, a factual issue arises con-

cerning the date on which plaintiff-seller could validly so act.

For these reasons and the reasons stated previously, and applying equitable principles, we ordered that the herein judgment be opened to let defendant submit his defense at trial.